UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)

In re:                                                          Chapter 13

ELIZABETH MARIA MORALES                      Case No. 17-10175-BKC-LMI
DE CARLO,

    Debtor.
_____/

**SECURED CREDITOR CENTURY LAKES HOMES ASSOCIATION, INC.'S AMENDED RESPONSE TO DEBTOR'S MOTION TO DEEM ASSOCIATION CURRENT (D.E. 113)**

COMES NOW Secured Creditor CENTURY LAKES HOMES ASSOCIATION, INC. (hereinafter referred to as the "ASSOCIATION"), by and through its undersigned attorney, and files this Amended Response to Debtor's Motion to Deem Association Current (D.E. 113), and states:

1. The ASSOCIATION is homeowners' association organized pursuant to Chapter 720 of the Florida Statutes and is responsible for the maintenance, management, and operation of the community in which Debtor's homestead real property (her "lot") is located. The costs of meeting such obligations are common expenses to which all owners in the ASSOCIATION's community must contribute. Such contributions are by way of assessments and maintenance fees levied by the ASSOCIATION as against all lots/lot owners in the community. Debtor, along with Ramon C. Morales and Rosa E. Urbina, are owners of the lot in the ASSOCIATION's community and are, thus, jointly and severally responsible for their share (and the lot's share) of the common expenses/maintenance fees/assessments.

2. Since the filing of this proceeding, Debtor has been paying her obligations to the ASSOCIATION through her plan and this bankruptcy proceeding.

3. On June 30, 2022, Debtor filed her Motion to Deem Association Current (D.E. 113) seeking an Order determining that she completed her Chapter 13 Plan and that she is considered current through February 2, 2022.  The ASSOCIATION recognizes that **Debtor** will be current through *January* 2022 (once the ASSOCIATION receives all disbursements from the Trustee, some of which appear to be outstanding), but *to the extent that Debtor is seeking that the entire debt be deemed current*, with regard to third-parties—including subsequent owners of the lot and co-owners of the lot—the ASSOCIATION objects.

3. Debtor has NOT paid the pre-petition delinquency due the ASSOCIATION through her plan; rather, Debtor obtained an Order Granting Motion to Value (D.E. 50).  With this, while **Debtor** may be discharged from the pre-petition debt due the ASSOCIATION, third-parties, including co-owners of the lot or a subsequent purchaser of the lot, may be responsible for any portion of a delinquency which remains unpaid.  *See In re Tellez-Sain*, 25 Fla.L.Weekly Fed. B14 (Bankr. S.D. Fla. 2013) and *In re Abad*, 24 Fla.L.Weekly Fed B19 (Bankr. S.D. Fla. 2013).

4. Further, Debtor may not have made all payments to the ASSOCIATION due from February 1, 2022 to date.  In fact, Debtor had initially failed to make direct payments to the ASSOCIATION upon completion of her plan, but more recently, payments have been remitted and applied to her account.  As such, any determination that Debtor is current can only be through the plan period (the extent of the Court's jurisdiction), which ended January 2022.  (Such an Order cannot address payments due the ASSOCIATION from February 1, 2022, to date.)

5. Though the ASSOCIATION does not object, in total, to entry of an Order deeming **Debtor** current for post-petition sums due the ASSOCIATION through January 31,

2022 (once all funds have been disbursed to the ASSOCIATION by the Trustee), again, the ASSOCIATION does object to entry of an Order addressing the pre-petition debt and addressing the post-plan payments due. As to the pre-petition debt, the Order Granting Motion to Value (D.E. 50), *to the extent that it addresses Debtor's interest (only) in the lot*, speaks to the issue *as to Debtor and Debtor's interest in the lot*, and it can be recorded with issuance of the discharge in this proceeding.

6. The ASSOCIATION has agreed to pay its undersigned attorney a reasonable fee for its services and has incurred attorneys' fees and costs in addressing Debtor's Motion to Deem Association Current, and the ASSOCIATION is entitled to reimbursement of those sums from Debtor.

WHEREFORE, Secured Creditor CENTURY LAKES HOMES ASSOCIATION, INC., would advise the Court that it does not dispute that *Debtor* is current on the post-petition debt (upon receipt of all disbursements due it from the Trustee), but the ASSOCIATION does dispute the pre-petition debt as being current, and the ASSOCIATION would request that the Court limit any Order granting Debtor's Motion to the post-petition debt, only, and as to Debtor, only (and only upon receipt of all funds to be disbursed to it by the Trustee), and include in an Order an award of the ASSOCIATION's costs and attorneys' fees incurred with regard to this issue, and grant the ASSOCIATION such further relief as the Court deems just and proper.

CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)(1)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

## CERTIFICATE OF SERVICE

I certify that a true copy of the foregoing Response was served this 6th day of September, 2022, as follows:

The following persons/entities were noticed via NEF:

Nancy K. Neidich, Trustee
Ariel Sagre, Esq.

          /s/         .
         CHARLES F. OTTO, ESQ.
         Fla. Bar No. 55591
         E-mail: cfo@straleyotto.com
         STRALEY | OTTO
         2699 Stirling Road, Suite C-207
         Fort Lauderdale, Florida 33312
         Telephone: 954/962-7367
         Facsimile: 954/962-7423
         Attorneys for the ASSOCIATION